UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

**STERLING HENRY GIVENS, JR.**   **CRIMINAL ACTION NO. 07-20052**
**CIVIL ACTION NO. 10-1409**

**VERSUS**   **JUDGE HAIK**

**UNITED STATES OF AMERICA**   **MAGISTRATE JUDGE HANNA**

*REPORT AND RECOMMENDATION*

Before the court is pro se plaintiff Sterling Henry Givens, Jr.'s Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Rec. Doc. 445).

*Background and Argument*

Petitioner pled guilty on April 3, 2009, to Count 4 of the Superseding Indictment, charging Attempted Interference with Commerce by Robbery (18 U.S.C. § 1951) and Count 5 of the Superceding Indictment, charging him with Possession and Carrying of Firearm during and in Relation to a Drug Trafficking Crime and a Crime of Violence (18 U.S.C. § 924(c)(1)).[1]  He was sentenced on September 15, 2009.[2]  He did not appeal.

In his motion, filed on September 8, 2010, petitioner argues the court did not have subject matter jurisdiction because Count 4 was dismissed by Superceding Indictment on September 12, 2007.  Petitioner argues as follows:

---

[1] *Plea Agreement* (Rec. Doc. 289).

[2] *Minutes of Court* (Rec. Doc. 387).

1

Lack of Subject Matter Jurisdiction.  Petitioner's Count 4, 18 U.S.C. § 1951, Attempted Interference With commerce by Robbery was dismissed by Superceding Indictment filed on 9/12/07, Docket entry # 387.  Count 4, is the pridicate [sic] offense to Count 5, Possession and Carrying of a Firearm During and In Relation to a Crime of Violence, 18 U.S.C. § 924(c)(1).  Petition pled guilty to Count's 4 and Count 5.  With the dismissal of Count 4 by superceding indictment, Count 5 is negated.  Therefore, Petitioners guilty plea is null and void.  Petitioner's 318 month sentence must be vacated.  Justice Demands Nothing Less.[3]

Petitioner states "I was not aware of the obvious errors and did not become aware until I received the 8/2/2010 letter from the Clerk of Court."[4]  Petitioner has attached copies of the docket sheet to his motion, emphasizing entry 387, the minutes of his sentencing proceeding.  That entry reads in pertinent part as follows:

> MINUTES for proceedings held before Judge Richard T. Haik, Sr: SENTENCING held on 9/15/2009 for Sterling Henry Givens, Jr. (3), Count(s) 1, 2, 21, 3, 4, Dismissed on superseding indictment filed 9/12/07; Count(s) 1s, 23s, 6s, Dismissed by motion of the government at sentencing proceedings held on 9/15/09; Count(s) 4s, 5s, Defendant sentenced to 318 months. . . .[5]

*Applicable Law and Discussion*

The scope of relief afforded under §2255 is extremely narrow.  It is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992);

---

[3] *Motion* (Rec. Doc. 445), p. 4.

[4] *Motion* (Rec. Doc. 445), p. 8.

[5] Rec. Doc. 387, see Docket Sheet attached to Motion (Rec. Doc. 445-1), p. 1.

<u>United States v. Acklen</u>, 47 F.3d 739, 741 (5th Cir.1995).  Section 2255 provides four grounds for relief:

1. that the sentence violates the Constitution or other federal law;
2. that the court lacked jurisdiction;
3. that the sentence exceeded the maximum allowed by law; or
4. that the sentence is otherwise "subject to collateral attack."

Title 28 U.S.C. §2255.

Section 2255 does not contain an exhaustion requirement, but a petitioner may not collaterally attack a conviction until it has been affirmed on appeal absent exceptional circumstances.  <u>Fassler v. U. S.</u>, 858 F.2d 1016, 1019 (5th Cir. 1988)(per curiam).  See also Section 2255 Rules, note 1, R. 5 advisory committee's note ("orderly administration of criminal law precludes considering such a motion absent exceptional circumstances").

Failure to raise a claim at trial or on appeal generally results in a waiver of the claim.  <u>U. S. v. Frady</u>, 456 U.S. 152, 162-66 (1982).  A defendant must show "cause" for his procedural default and "actual prejudice" resulting from the alleged error.  <u>Id</u>. at 170-171; <u>Shaid</u>, 937 F.2d at 232.  This "cause" and "prejudice" test must be satisfied even if the defendant alleges fundamental constitutional error.  <u>Murray v. Carrier</u>, 477 U.S. 478, 493, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986).

Petitioner has misunderstood the entries on the docket sheet.  The original indictment was dismissed by the superceding indictment, so that event appears on the docket sheet as a "dismissal" of the original charges.  However, the superceding indictment clearly charges petitioner with Count 4, Attempted Interference with

3

Commerce by Robbery in violation of 18 U.S.C. § 1951. Thus, petitioner remained charged with Counts 4 and 5 in the superceding indictment, to which he pled guilty.

The undersigned finds petitioner is unable to allege any prejudice in this matter, as his entire argument that the court did not have subject matter jurisdiction is based on a misunderstanding of the docket sheet and the functions of a superceding indictment.

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for summary dismissal and cause the movant to be notified."

***Conclusion and Recommendation***

The undersigned finds from the face of the motion, the exhibits, and the prior proceedings that petitioner is not entitled to relief and summary dismissal is appropriate.

For the foregoing reasons it is recommended that the petitioner's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Rec. Doc. 445) be summarily **DENIED** and **DISMISSED** with prejudice.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Lafayette, Louisiana, this 15th day of September, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)