UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:07-CR-20052-03** |
| **VERSUS** | **JUDGE DRELL** |
| **STERLING HENRY GIVENS JR (03)** | **MAGISTRATE JUDGE PEREZ-MONTES** |

### RULING AND ORDER

Before the court are two motions filed by defendant Sterling Henry Givens, Jr. ("Givens"): a "Motion to Correct Erroneous Sentence" (Doc. 616) and a "Motion to Hold Proceedings in Abeyance" (Doc. 663). For the reasons set forth herein, the motions must be DENIED.

**I.  Background**

On May 11, 2007, a 23-count indictment was filed against Givens and six other co-defendants in this District. (Doc. 1). In that original indictment, Givens was charged in counts 1,2,3,4, and 21.

On September 12, 2007, a 25-count superseding indictment was filed against all co-defendants. (Doc. 101). By virtue of the filing of the superseding indictment, the original indictment and all 23 counts therein were dismissed as to all defendants, including counts 1,2,3,4, and 21 against Givens. Accordingly, the only charges Givens faced were counts 1, 4, 5, 6, and 23 of the superseding indictment (hereinafter referred to as counts 1s,4s,5s,6s, and 23s).

On April 3, 2009, Givens entered a plea of guilty to counts 4s and 5s of the superseding indictment. Count 4s charged him with attempted interference with commerce by robbery in violation of 18 U.S.C. §1951 and Count 5s charged him with possession and carrying of a firearm

during and in relation to a drug trafficking crime and a crime of violence in violation of 18 U.S.C. §924(c)(1).

On September 15, 2009, Givens was sentenced by the, then, judge presiding, Richard T. Haik, Sr., to serve a total term of 318 months in the custody of the Bureau of Prisons: 78 months on count 4s and 240 months on count 5s to run consecutively. (Doc. 392). All remaining counts of the superseding indictment (counts 1s, 6s, and 23s) were dismissed on the motion of the United States. (Id.)

On September 8, 2010, Givens filed his first motion to vacate pursuant to 28 U.S.C. §2255. (Doc. 445). Therein he argued the court lacked jurisdiction because count 4 had been dismissed by superseding indictment on September 12, 2007. In support, he noted the entry at 387 of the docket sheet which summarizes the minutes as:

> MINUTES for proceedings held before Judge Richard T. Haik, Sr: SENTENCING held on 9/15/2009 for Sterling Henry Givens, Jr. (3), Count(s) 1, 2, 21, 3, 4, Dismissed on superseding indictment filed 9/12/07; Count(s) 1s, 23s, 6s, Dismissed by motion of the government at sentencing proceedings held on 9/5/09; Count(s) 4s, 5s, Defendant sentenced to 318 months....

(Doc. 387). On September 15, 2010, the magistrate judge issued a report and recommendation to the district judge recommending that Givens' motion to vacate be denied and dismissed with prejudice based on the finding that Givens' entire argument was based on a misinterpretation of both the docket sheet and the function of a superseding indictment. (Docs. 446).

Objections to the report and recommendation were lodged by Givens (Docs. 446 and 447). After considering those objections, the district judge issued a judgment adopting the report and recommendation and denying and dismissing with prejudice Givens' motion to vacate. (Doc. 449).

On October 29, 2015, Givens filed another motion to vacate under §2255. (Doc. 535). Therein, Givens asserted various grounds for relief: ineffective assistance of counsel, deficient

performance of counsel, prosecutorial misconduct, and judicial error. All grounds were based upon his continued misinterpretation of the summarizing entry on the docket sheet and the function of a superseding indictment.

A report and recommendation was issued as to this second motion to vacate. (Doc. 549). In it, the magistrate judge explained Givens continued to reference the dismissal of counts charged against him in the original indictment and to ignore the fact the superseding indictment replaced the original indictment. Because the motion raised second or successive issues, it was the recommendation of the magistrate judge that the "motion be deemed successive [under §2255] and transferred to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. §1631 for further proceedings as provided by 28 U.S.C. §2244." (Id.) On November 15, 2013, the district judge adopted the report and recommendation and ordered the transfer to the Fifth Circuit. There is no evidence in the record that the Fifth Circuit ever granted authorization to file that second or successive §2255 motion.

On November 16, 2015, Givens sought leave to file a "Petition for Leave to File a Secondary Writ of Habeas Corpus" attacking his conviction by asserting claims that his Constitutional rights were violated when he was not permitted to attach the truthfulness of witnesses under FRE 609, that the government failed to prove each element of the crimes charges, and (3) that the government failed to produce statements of his co-defendants given to law enforcement personnel. (Doc. 581). Leave to file the new petition was denied as the court explained, again, that Givens had to obtain authorization to file a second or successive §2255 motion from the Fifth Circuit as set forth in 28 U.S.C. 2255(h). (Doc. 582). There was no transfer of that motion to the Fifth Circuit for authorization and there is no record evidence showing any Court granted authorization to file that §2255 motion as second or successive.

## II.   Law and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA') includes a restriction on "second or successive" applications for collateral review. This bar serves as a gatekeeping function by preventing the repeated filing of habeas petitions that attack the prisoner's underlying convictions. Leal Garcia v. Quarterman, 573 F.3d 214, 220 (5th Cir.2009). Although AEDPA does not define the term "second or successive," the Supreme Court in Magwood v. Patterson, 561 U.S. 320 (2010) found the "term of art" did not encompass all "applications filed second or successively in time." Id. at 332 citing Panetti v. Quarterman, 551 U.S. 930, 944 (2007). Rather, the petition must be interpreted to determine the judgment being challenged and the entire application, not just individual claims therein, must be examined. Id. at 332-35. Thus, for a subsequent motion to be considered "second or successive" it must raise either a claim challenging the conviction or sentence that was or could have been raised in an earlier petition or that constitutes abuse of the writ process. In re Sepulvado, 707 F.3d 550, 553 (5thCir.2013; United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir.2000); In re Cain, 137 F.3d 234-235 (5th Cir.1998).

There are exceptions to the AEDPA bar found in 28 U.S.C. §2255. A second or successive motion may be brought by a prisoner in federal custody if it contains either; (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. §2255(h)(1)-(2).

### a. Motion to Correct Erroneous Sentence

In his "Motion to Correct Erroneous Sentence" (Doc. 616) Givens first argues he was wrongfully given time for counts that were dismissed by the Government and cites the fact that Count 1 of the indictment was dismissed on September 12, 2007. Givens then argues the stipulated factual basis for a guilty plea is wrong as well as the elements of the offense for count 5s, attempted interference with commerce by robbery, because the factual basis provided was for possession and carrying of a firearm during and in relation to a drug trafficking crime or crime of violence. Finally, Givens argues he was wrongfully sentenced to 25 years for his plea to count 4s when in fact the crime carries a maximum term of imprisonment of 10 years.

As detailed above, Givens filed a motion under 28 U.S.C. §2255. As the court has explained on more than one occasion, this court does not have jurisdiction to entertain a second or successive motion for relief under §2255. Givens must obtain the authorization of the Fifth Circuit and there is no proof in the record that such permission was sought or obtained. Thus, this court lacks jurisdiction to entertain the motion

### b. Motion to Apply 924(c)

Givens' argues in a separate motion that his conviction for attempted interference with commerce by robbery in violation of 18 U.S.C. §1951 is unconstitutional in light of the Supreme Court's decision in <u>United States v. Davis</u>, 139 S.Ct. 2319 (2019). Givens argues that attempted robbery does not constitute a crime of violence under the residual clause, § 924(c)(3)(b); thus, his conviction under count 5 cannot stand.

Again, the relief sought by Givens is properly sought via a §2255 motion. However, Givens has not obtained authority from the Fifth Circuit Court of Appeals allowing him to file such a motion in this court. Accordingly, the court lacks jurisdiction over the motion.

### III.   CONCLUSION

For the reasons set forth herein, it is hereby

ORDERED that Givens' "Motion to Correct Erroneous Sentence" (Doc. 616) and his motion styled as "Motion to Hold Proceedings in Abeyance" (Doc. 663) are DENIED and DISMISSED for lack of jurisdiction.

THUS DONE AND SIGNED this 14th day of October 2020, at Alexandria, Louisiana.

                                                                            _____
                                                                            DEE D. DRELL, JUDGE
                                                                            UNITED STATES DISTRICT COURT