**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

---

**UNITED STATES OF AMERICA** **CASE NO. 07-cr-20052**

-vs- **JUDGE DRELL**

**STERLING HENRY GIVENS, JR (03)** **MAGISTRATE JUDGE PEREZ-MONTES**

---

**RULING AND ORDER**

Before the court are Sterling Henry Givens, Jr.'s motions for compassionate release. The first, styled as "Motion for Reduction in Sentence Pursuant to 18 U.S.C. 3582(C)(1)(A)(I) and the First Step Act in Light of Changed Circumstances and Authority from the U.S. Sentencing Commission" (Doc. 739), sets forth the argument that he would have received a lesser sentence had United States v. Davis, 588 U.S. 445 (2019) existed at the time of his sentencing. In his second motion, entitled "Motion for Compassionate Sentence Reduction" (Doc. 783), he argues that he should be released because he is a changed man who will make a positive impact on his community and will be supported by family, friends, and his community. Givens also notes that his sentence would have been less had he been sentenced today.

For the following reasons, both motions are **DENIED**.

I. BACKGROUND

Givens and six co-defendants were initially charged by a federal grand jury in a 23-count indictment on May 11, 2007. In September 2007, the grand jury issued a 25-count superseding indictment for crimes associated with a drug conspiracy, burglaries and home invasion robberies.

Givens was personally charged in Count 1 with Conspiracy to Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 846; Count 4 Attempted Interference

with Commerce by Robbery in violation of 18 U.S.C. § 1951, Count 5, Possession and Carrying of a Firearm During and In Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1), Count 6 Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1), Count 23 Attempt to Possess with Intent to Distribute Methylenedioxy Amphetamine in violation of 21 U.S. C § 841(a)(1).

On April 3, 2009, Givens entered a plea of guilty to Counts 4 and 5 of the superseding indictment.[1] On September 15, 2009, Givens was sentenced to serve 78 months on Count 4 and 240 months on Count 5 to run consecutively for a total term of 318 months in the custody of the Bureau of Prisons. All remaining counts were dismissed.

Givens did not appeal his conviction or sentence, but he did file a motion to vacate under 28 U.S.C. § 2255 in 2010 (Doc. 445) which was denied (Doc. 449). Givens filed a second and successive motion to vacate under 28 U.S.C. § 2255 on October 29, 2012 (Doc. 535) which was also denied (Doc. 552). On October 14, 2020, Givens filed a motion to correct "an erroneous sentence" (Doc. 666), and that motion was denied (Doc. 667). He then filed a motion for compassionate release (Doc. 698), and when that was denied he filed another motion to vacate under § 2255 (Doc. 712). Undeterred, Givens filed a motion to reduce sentence pursuant to Amendment 821 and the First Step Act (Doc. 736) asserting that attempted Hobbs Act robbery no longer qualifies as a crime of violence; hence, his sentence should be reduced. Before the court ruled on that motion[2], Givens filed the first of the two motions before the court today.

[1] Givens incorrectly asserts in his motion that he plead guilty to counts 2 and 3. (Doc. 739, p. 1). Count 4 pertained to a June 26, 2003 robbery during which Givens and three co-defendants forcible entered a residence and obtained controlled substances and drug proceeds by the use of force and while brandishing a firearm. Count 5 pertained to Givens' possession of semiautomatic pistols used during and in relation to a drug trafficking crime. (Doc. 101).

[2] The Court ultimately denied the motion. Although the Guideline were recalculated, the retroactive changes had no effect on his overall criminal history; thus, his guideline imprisonment range remained unchanged.

## II. LAW AND ANALYSIS

"A court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction." United States v. Chambliss, 948 F.3d 691, 692-693 (5th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i).

"The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), allows a prisoner to move for a sentence reduction under certain circumstances. One such circumstance is when "extraordinary and compelling reasons warrant" a sentence reduction." United States v. Escajeda, 58 F. 4th 184, 186 (5th Cir. 2023). As explained recently by the Fifth Circuit:

> Under settled Fifth Circuit precedent, "extraordinary" means "'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'" The term "'[c]ompelling' is a participle of "compel" which means "to drive or urge with force, or irresistibly," "to force," and "to subjugate.'" Thus prisoners have extraordinary and compelling reasons for relief "only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique in the life of the prisoner.

United States v. Austin, 125 F.4th 688, 691-92 (5th Cir. 2025) (internal citations omitted).

### a. First Motion for Compassionate Release

Givens cites United States v. Davis, 588 U.S. 445 (2019) as the basis for a reduction in his sentence. He argues that the Supreme Court determined the "residual clause," which defined a "crime of violence" under 18 U.S.C. § 924(c)(3), was unconstitutionally vague, and since the predicate offense was attempted Hobbs Act robbery, a crime that is no longer deemed a crime of violence, he was afforded a sentence that he would not be given if he were sentenced today. We disagree.

It has long been held that habeas corpus is the exclusive remedy for challenging the legality of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475 (1973) and Heck v. Humphrey, 512 U.S. 477 (1994). The Fifth Circuit has expressly found the habeas-channeling rule prevents a prisoner from using compassionate release "to challenge the legality or the duration of [a defendant's] sentence." United States v. Escajeda, 58 F.4th 184, 187 (5th Cir. 2023). Since that decision, the Supreme Court held in Fernandez v. United States, 608 U.S. 411 (2026) that a prisoner who collaterally attacks the validity of his conviction must proceed through 28 U.S.C. § 2255 and Rutherford v. United States, 608 U.S. 454 (2026) which holds that Congress' nonretroactive change to § 924(c) cannot make a prisoner eligible for compassionate release." Id. at 1335. In light of the foregoing, Givens' claim is foreclosed.

Even if Givens were to obtain permission to file another § 2255 motion, such motion would be denied. The First Step Act's changes to § 924(c) are not retroactive to Givens as he was sentenced long before the First Step Act was enacted. See Hewitt v. United States, 606 U.S. 419 (2025). Furthermore, the Count 5 names two predicate offenses: (1) a drug trafficking offense, and (2) an attempted Hobbs Act Robbery. Count 5 provides:

> On or about the 26th day of June, 2003, at Lafayette Parish in the Western District of Louisiana, the defendants ..., each aiding and abetting the other, knowingly carried and possessed a firearm, to wit: unknown semiautomatic pistols during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, **to wit: Conspiracy to Possess with intent to Distribute Controlled Substances as alleged in Count 1**, and a crime of violence for which they may be prosecuted in a court of the United States, to wit: Attempted Inference with Commerce by Robbery as alleged in Count 4 above, in violation of Title 18, United States Code, Sections 924(c)(1) and 2. [18 U.S.C. §§ 924(c)(1) and 2].

(Emphasis added). (Doc. 101, p. 5-6).[3] Regardless of the holding in Davis, the predicate offense of drug trafficking remains and so does the enhancement to Givens' sentence.

Accordingly, Givens' first motion for compassionate relief lacks merit.

b. Second Motion for Compassionate Release

Turning to his second motion, we now address Givens' claims that he is a changed man, who has the support of family, friends, and his community, and he will make a positive impact on his community. In support, Givens provides a letter explaining how he has changed and that he is remorseful, a transcript of the educational classes he has taken since 2010, and letters of support from friends and family. Although we applaud Givens' growth, nothing before the court constitutes extraordinary or compelling reasons warranting his release. See United States v. Martinez, No 23-50418, 2024 WL 658592, at *1 (5th Cir. Feb. 16, 2024) (unreported) ("Even if [the defendant] were reformed, his rehabilitation efforts alone are not an extraordinary and compelling reason for release."); United States v. Handlon, 23-50386, 2024 WL 11787, at *1 (5th Cir. Jan. 10, 2024) (unreported) ("rehabilitation efforts alone are not extraordinary and compelling reasons for ... release.").

Finally, the court does not find release or a reduced sentence to be warranted in light of the applicable factors set forth in 18 U.S.C. § 3553(a). The nature and circumstances of Givens' offenses and his history and characteristics do not warrant any relief. He was involved in a heinous crime spree. He began a life of crime early in life, having been convicted of a felony offense at the age of 19, and despite serving time, he continued to engage in criminal activity. Additionally,

[3] Count 5 of the superseding indictment references Count 2 as the Attempted Interference with Commerce by Robbery. We have corrected the text here to reflect the count as it appears in the amended superseding indictment which is Count 4. (See Doc. 290, 295).

we find that the sentence imposed, although harsh, is warranted. It reflects the seriousness of Givens' offense, it affords adequate deterrence to criminal conduct, protects the public from further crimes of the defendant, and as shown, allows for needed educational or vocational training. Accordingly, there is no basis upon which to grant Givens' compassionate release request.

III. CONCLUSION

For the reasons articulated herein, it is hereby

**ORDERED** that Givens' "Motion for Reduction in Sentence Pursuant to 18 U.S.C. 3582(C)(1)(A)(I) and the First Step Act in Light of Changed Circumstances and Authority from the U.S. Sentencing Commission" (Doc. 739) is **DENIED**. It is further

**ORDERED** that Givens' "Motion for Compassionate Sentence Reduction" (Doc. 783) is **DENIED**.

Givens is cautioned against filing further motions seeking a reduction in sentence of release until he can demonstrate "extraordinary and compelling reasons."

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 28th day of October 2026.

**DEE D. DRELL, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**